UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLEE COLLINS** | * | **DOCKET NUMBER: 23-01457** |
| | * | **HURRICANE CASE** |
| | * | |
| **VERSUS** | * | **JUDGE: Shelly D. Dick** |
| | * | |
| **GEOVERA SPECIALTY** | * | **MAGISTRATE JUDGE: Richard L.** |
| **INSURANCE COMPANY** | * | **Bourgeois, Jr.** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RULE 26 INITIAL DISCLOSURES AND DISCOVERY RESPONSES

MAY IT PLEASE THE COURT:

Defendant, GeoVera Specialty Insurance Company ("GeoVera"), submits this memorandum in support of its Motion to Compel Plaintiff's Rule 26 Initial Disclosures and Discovery Responses. GeoVera moves for an Order from this Court compelling Plaintiff, Kimberlee Collins to provide Rule 26 Initial Disclosures in the proper form, complete answers to interrogatories, complete responses to requests for production of documents, and for all appropriate costs and fees as permitted pursuant to Rule 37 of the Federal Rules of Civil Procedure. The information sought from Plaintiff's Initial Disclosures and discovery responses is essential to Defendant's defense in this case and Plaintiff's failure to timely respond has delayed the discovery process.

**I.    FACTUAL BACKGROUND**

Suit was filed by plaintiff, Kimberlee Collins, on August 28, 2023 in the 19th Judicial District Court for the Parish of East Baton Rouge. GeoVera timely removed the matter to the United States District Court, Middle District of Louisiana, October 6, 2023 and filed an Answer to the lawsuit on October 13, 2023. On January 3, 2024, this Honorable Court issued a Scheduling

1

Order[1] wherein it ordered that the Rule 26 Initial Disclosures be exchanged by December 28, 2023. On December 19, 2023, GeoVera produced its Rule 26 Initial Disclosures to plaintiff.[2]

On December 29, 2023, GeoVera propounded Interrogatories and Requests for Production of Documents upon plaintiff Kimberlee Collins.[3] On December 30, 2023, plaintiff's counsel requested an extension to provide plaintiff's Initial Disclosures through January 13, 2024, and undersigned counsel agreed to same.[4] On January 23, 2024, having still not received plaintiff's Initial Disclosures, undersigned counsel followed up with plaintiff's counsel via email requesting a status of the overdue disclosures and setting a Rule 37 Discovery Conference to discuss same for January 30, 2024.[5] The Rule 37 Conference was held with plaintiff's counsel on January 30, 2024 wherein the parties agreed plaintiff would provide her Initial Disclosures within the week, or by February 6, 2024.[6] On February 15, 2024, having still not received the Initial Disclosures, undersigned counsel again followed up with plaintiff's counsel requesting a status of production of the Initial Disclosures.[7]

On March 11, 2023, having still not received the plaintiff's responses to the discovery requests propounded on December 28, 2024, undersigned counsel set a Rule 37 Discovery Conference with plaintiff's counsel to discuss same for March 15, 2024.[8] During the Rule 37 Conference on March 11, 2024, counsel agreed that plaintiff would produce the Initial Disclosures and compete responses to GeoVera's Interrogatories and Requests for Production of Documents

---

[1] R. Doc. 9.
[2] See 12/19/23 Email, attached as Exhibit A.
[3] See Emails regarding Discovery Requests, attached as Exhibit B; Interrogatories and Requests for Production of Documents, attached as Exhibit C.
[4] See Emails, attached as Exhibit D.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

by close of business on March 22, 2024.[9]   To date, plaintiff has failed to produce her Rule 26 Initial Disclosures, Answers to Interrogatories, nor Responses to Requests for Production, despite multiple extensions and professional courtesies given. GeoVera has been forced to file this Motion to Compel as the agreed upon discovery deadlines imposed in the Scheduling Order are quickly approaching.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 26(a) (1) (A) (ii) states, "…a party must, without awaiting a discovery request, provide to the other parties:  a copy – or description by category and location – of tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; …".

Federal Rule of Civil Procedure 26(a) (1) (A) (iii) states, "…party must, without awaiting a discovery request, provide to the other parties:  a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and coping as under Rule 34 the documents or other evidentiary material, unless privileged or protect from disclosure on which each computation is based including materials bearing on the nature and extent of injuries suffered;…".

Federal Rule of Civil Procedure 26(e) (1) (A) states, "A party who has made a disclosure under Rule 26(a) (a) or who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response:  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…".

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…"

---

[9] *Id.*

*See also*, *Garcia v. House Auth. of New Orleans,* No. 12-1863, 2013WL 4875078, at *2 (E.D. La. Sept. 11, 2013)(Roby, M.J.). Federal Rule of Civil Procedure 33 governs interrogatory requests. Each interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath within 30 days. Fed. R. Civ. P. 33(b)(2), (b)(3). Similarly, responses to requests for production must be provided within 30 days as well. Fed. R. Civ. P. 34(b)(2)(A). Any objection to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court finds good cause for the failure. Fed. R. Civ. P. 33(b)(4). Federal Rule of Civil Procedure 37 provides sanctions for a party's failure to cooperate in discovery. Rule 37(a) allows a party to move for an order compelling discovery from another party. In particular, Rules 37(a)(3)(B)(iii) and 37(a)(3)(B)(iv) allow a party seeking discovery to move for an order compelling an answer to unanswered interrogatories and requests for production. Prior to filing a motion to compel with the court, a movant must attempt in good faith to confer with the other party to resolve the issue. Fed. R. Civ. P. 37(a)(1). Plaintiff's discovery responses were due by January 29, 2024 and defendant attempted to confer with counsel in good faith on multiple occasions, including conducting two a discovery conferences and granting multiple extensions to respond to the discovery and produce initial disclosures. Attached hereto is a Rule 37(a)(1) certificate in compliance with the Federal Rules. Plaintiff has not submitted any objection to the discovery requests or otherwise provided any justification for her failure to respond to the discovery.

Federal Rule of Civil Procedure 37(a) (3)(A) states, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions". Where a party is forced to file a motion to compel, and the motion is eventually granted or responses are provided after filing, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising

4

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also Nguyen v. La. State Bd. Of Cosmetology*, No. 14-80-BAJ-RLB, 2016 U.S. Dist. LEXIS 412, at *7-*8 (Bourgeois, M.J.). None of the exclusions provided for in Rule 37(a)(5)(A)(i)-(iii) apply. Accordingly, Defendant respectfully requests that the Court grant its request for attorney fees and costs. *See, Kibodeaux v. Transocean Offshore USA, Inc.*, No. 16-17994, at *2-3 (E.D. La. July 27, 2017) (Roby, M.J).

## III. CONCLUSION

Plaintiff should not be allowed to ignore the Federal Rules of Civil Procedure or the Court's Scheduling Order. Plaintiff has unfairly prejudiced Defendant by not providing crucial information needed to prepare for trial and by requiring defense counsel to expend time filing motions in order to obtain information that is required to be provided by the Federal Rules of Civil Procedure and the Court's Scheduling Order.

WHEREFORE, defendant, GeoVera Specialty Insurance Company, prays that this Court grant its Motion to Compel Plaintiff's Rule 26 Initial Disclosures and Discovery Responses and order plaintiff to produce both within two weeks, and for an award of costs and fees for filing this motion.

Respectfully submitted,

   */s/Darrin O'Connor*
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA  70433-2920
Telephone:  (985) 893-4790
Direct Fax:  (985) 246-7455
Email:  doconnor@phjlaw.com

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on March 28, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

                                     */s/Darrin O'Connor*
                                     **DARRIN M. O'CONNOR**