## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLEE COLLINS** | * | **DOCKET NUMBER: 23-01457** |
| | * | **HURRICANE CASE** |
| | * | |
| **VERSUS** | * | **JUDGE: Shelly D. Dick** |
| | * | |
| **GEOVERA SPECIALTY** | * | **MAGISTRATE JUDGE: Richard L.** |
| **INSURANCE COMPANY** | * | **Bourgeois, Jr.** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### INTERROGATORIES

TO:   Kimberlee Collins
Through their counsel of record:
Mark Ladd
Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, LA 70002

NOW INTO COURT, through undersigned counsel, comes GeoVera Specialty Insurance Company (hereinafter "GeoVera"), who propounds the following Interrogatories to plaintiff, Kimberlee Collins, as follows:

### DEFINITIONS

1. "Plaintiff(s)", "you," "your" or "yours" refers to plaintiff(s), individually, and all representatives or persons acting for or on behalf of, or at the request of, any or all of the plaintiff(s).

2. "GeoVera" refers to GeoVera Specialty Insurance Company, and all related or affiliated companies, employees, associates, or representatives.

3. "Your property" refers to the property at issue in this matter.

4. The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail and graphic matter of any kind or

1

character and any recorded material, however produced or reproduced, plaintiff(s) possession, custody, or control or known by plaintiff(s) to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any accountant relating or referring in any way to the subject matter of these interrogatories.

5. "Identify" or "identification," when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6. "Identify" or "identification," when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

7. "The Event" includes, without limitation, the event described in the Petition for Damages and subsequent emergency response, cleanup, and claims handling.

8. "Homeowners policy" refers to your GeoVera homeowner's insurance policy under which you are seeking coverage. "Homeowner's claim" refers to any claim for insurance benefits you have made under the aforementioned policy with respect to any loss you allege occurred as a result of the Event at issue in this matter.

9. "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

**INSTRUCTIONS FOR USE**

1. All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2. Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer shall be set out so that it is understandable. If any of the interrogatories cannot be answered in full, please answer to the extent possible, indicating the part you are answering, and the reason why the interrogatory cannot be answered in full. You are requested to submit supplemental information at a later date.

3. If you lack information necessary to answer any of the interrogatories, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4. These interrogatories are intended as continuing interrogatories, requiring you to supplement your answers, setting forth any information within the scope of the interrogatories as may be acquired by you, your attorney, agents or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5. When an interrogatory asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6. With respect to each interrogatory, in addition to supplying the information

requested, you are to identify all documents that are related to the subject matter of each interrogatory and your answer thereto.

      7.      If objection is made to any interrogatory or request for production of documents propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

      (a)      The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

      (b)      If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such document responds;

      (c)      If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the defendant to whom the substance of the communication has been disclosed.

      8.      With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the defendant has for the periodic destruction or retirement of documents.

**INTERROGATORY NO. 1:**

Please identify by name, address, and telephone number any and all persons who resided at the property within the thirty (30) days prior to Hurricane Ida, and state the dates in which they resided there. If there were any periods of time in which no one resided at the property during those thirty (30) days, please state when those time periods were. If no one resided at the property in the thirty (30) days leading up to Hurricane Ida, please identify the last time anyone had resided there and identify by name, address, and telephone number who that person(s) was.

**INTERROGATORY NO. 2:**

Have you ever asserted <u>any other</u> insurance or non-insurance claim(s) and/or any lawsuit(s) for damages or for compensation? If so, please state with particular detail the date and nature of the damage sustained, the name and address of the person or entity against whom said claim was made, and the disposition of said claim(s). If a lawsuit was filed in connection with said claim, kindly indicate the court where the suit was filed, the civil suit number, and the date of its filing.

**INTERROGATORY NO. 3:**

Please identify all fact witnesses whom you anticipate may be called by you at the trial of the captioned matter.

**INTERROGATORY NO. 4:**

Please identify all expert witnesses whom you anticipate may be called by you as witnesses at the trial of the captioned matter and state the qualifications of the expert and substance of the expert opinion.

**INTERROGATORY NO. 5:**

Please identify each and every exhibit as well as all items of demonstrative evidence which you intend to either introduce or display at the trial of this matter. As to each exhibit, identify any

and all witnesses who will be used to authentic or otherwise utilize said exhibit or demonstrative aid.

**INTERROGATORY NO. 6:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your policy, including but not limited to your Homeowners Policy, please state with specificity what damages do you claim your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) sustained as a result of perils covered under said policy. For the contents, as part of your list, please state: (i) the date each item was purchased (or otherwise obtained); (ii) the location where and/or from whom it was purchased (or otherwise obtained); (iii) the price for which you purchased it (or its value at the time you obtained it if you did not purchase it); (iv) receipts evidencing proof of purchase and ownership; (v) documentation through photographs to support damage to content(s) claimed); and (vi) if the alleged damaged personal property was replaced.

**INTERROGATORY NO. 7:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your Homeowners Policy, please state with specificity what the total dollar amount you allege it will cost to repair and/or replace the damage to your structure (dwelling/building and/or dwelling extension) and/or the costs to replace any damaged contents (and/or personal property) that you described in your answer to Interrogatory No.6.

**INTERROGATORY NO. 8:**

With respect to your claim for recovery of damages to your structure (dwelling/building

6

and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your Homeowners Policy, please state with specificity what the total dollar amount you have spent on repairs to your structure (dwelling/building and/or dwelling extension) and/or the amount you have spent to replace any contents (and/or personal property), and the costs to replace each individual content item being claimed, and that you identified in your answer to Interrogatory No. 6.

**INTERROGATORY NO. 9:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made in this matter, with respect to your Homeowners Policy, please state with specificity what the total dollar amount you allege you are still owed by GeoVera to repair or replace the damage to your structure (dwelling/building and/or dwelling extension) and/or the contents (and/or personal property) that you described in your answer to Interrogatory No.6.

**INTERROGATORY NO. 10:**

Please identify any and all pre-Event or post-event improvements, repairs, or alterations made by yourself to your home and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**INTERROGATORY NO. 11:**

Did you employ, hire and/or contract with any individuals and/or companies to act as a 'public adjuster' on your behalf with respect to your Homeowners' Policy? If so, please with specificity answer the following:

a. The name of each such individual as well as that of the company/business for who they work.

b. The business and cell phone numbers and office address of such individual and/or

7

company.

c. The date you retained the services of any such individual or business.

**INTERROGATORY NO. 12:**

With respect to any claim for you are making for indemnification pursuant to the additional living expenses ("ALE") coverage or loss of business income, or loss of rents, please answer with specificity whether you allege that a peril or perils (i.e., wind, wind driven debris, flooding, etc.) caused directly or indirectly by the Event at issue in this matter caused direct, physical damage to your property such that it was rendered uninhabitable?

**INTERROGATORY NO. 13:**

With respect to any claim for you are making for indemnification pursuant to the additional living expenses ("ALE") coverage or loss of business income, or loss of rents, please identify the date you resumed living in your property following the Event at issue in this matter, or if applicable, completed repairs of the rental/business property sufficient to render it habitable.

**INTERROGATORY NO. 14:**

With respect to any claim for you are making for indemnification pursuant to the additional living expenses ("ALE") coverage or loss of business income, or loss of rents, please answer with specificity what the total outstanding dollar amount you allege you are currently owed pursuant to the terms and conditions of your policy as indemnification to you.

**INTERROGATORY NO. 15:**

Have you completed all repairs to your property? If so, when were they completed? If repairs are not complete, what repairs have been done and what repairs are still needed?

**INTERROGATORY NO. 16:**

Please state the name and address of each and every general contractor, roofing contractor, roofing sub-contractor, remediation contractor, enterprise contractor, and/or engineer that you (or anyone on your behalf) have communicated with to secure an estimate and/or evaluation of the alleged roof damages sustained to the residence's roof at any time within 5 years before August 27, 2020 and from August 27, 2020, through the present date.

**INTERROGATORY NO.17:**

Please identify any document you contend is proof of loss, including, but not limited to, any estimate, invoice, receipt, report and business personal property inventory form worksheet concerning your claim for damages sustained, and for each such proof of loss, state:

a. The date that you provided the proof of loss to GeoVera;

b. What amounts claimed in the proof of loss have been paid by GeoVera; and

c. What amounts claimed in the proof of loss have not been paid by GeoVera.

**INTERROGATORY NO. 18:**

In connection with your Homeowners Policy claim, did you give any type of recorded statement to any person? If so, please identify the date the statement was given and who secured the statement from you.

**INTERROGATORY NO. 19:**

Please "identify" each "person" known (including but not limited to any representatives of GeoVera), interviewed or reasonably felt by you, your attorney, or other representative to be an eyewitness or non-eyewitness, to have any facts pertaining to the Event at issue in this matter or to have knowledge of some of the facts or circumstances upon which the averments in your Petition are based, whose testimony will be relied upon or used by you for any purposes at trial of this

matter. Please state the date they were interviewed and/or whether they gave a statement to you, your attorney, your expert, or someone employed by you. Please state whether the interview and/or statement was recorded or otherwise, including but not limited to a tape, CD, digital, written, oral, text, email, and/or video recording.

**INTERROGATORY NO. 20:**

Were any photographs and/or videotapes taken of the damages you claim you sustained to your structure (dwelling/building and/or dwelling extension) or its contents prior to any repairs that may have been made to such alleged damages?

**INTERROGATORY NO. 21:**

Provide the following information for any claim reported to any insurer or application for grant money, loans, or disaster assistance from any state or federal governmental agency or organization for damage to the property at issue in this lawsuit:

1. Date claim was made and to whom;
2. Amount of claim;
3. Type of damage giving rise to claim,
4. Amount paid on claim and date of receipt.
5. Identify all documents relating to the claim.

**INTERROGATORY NO. 22:**

Please identify each and every business or trade you have been engaged in for a period of five (5) years prior to the date of loss herein through the date of this discovery request. This includes any and all self employment business, trade, or other business activity.

These Interrogatories are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed.

Respectfully submitted,

*/s/ Darrin M. O'Connor*
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
Porteous, Hainkel & Johnson, L.L.P.
408 N. Columbia Street
Covington, LA  70433
Telephone:  (985) 893-4790
Fax:  (985) 246-7455
doconnor@phjlaw.com
ahaddad@phjlaw.com
*Counsel for Defendant GeoVera Specialty Insurance Company*

## CERTIFICATE OF SERVICE

    I do hereby certify that on December ____, 2023, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

/s/ *Darrin M. O'Connor*

DARRIN M. O'CONNOR

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLEE COLLINS** | * | **DOCKET NUMBER: 23-01457** |
| | * | **HURRICANE CASE** |
| | * | |
| **VERSUS** | * | **JUDGE: Shelly D. Dick** |
| | * | |
| **GEOVERA SPECIALTY** | * | **MAGISTRATE JUDGE: Richard L.** |
| **INSURANCE COMPANY** | * | **Bourgeois, Jr.** |
| | * | |

* * * * * * * * * * * * *

### REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  Kimberlee Collins
Through their counsel of record:
Mark Ladd
Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, LA 70002

NOW INTO COURT, through undersigned counsel, comes GeoVera Specialty Insurance Company (hereinafter "GeoVera"), who propounds the following Request for Production of Documents to plaintiff, Kimberlee Collins, as follows:

### DEFINITIONS

1. "Plaintiff(s)", "you," "your" or "yours" refers to plaintiff(s), individually, and all representatives or persons acting for or on behalf of, or at the request of, any or all of the plaintiff(s).

2. "GeoVera" refers to GeoVera Specialty Insurance Company, and all related or affiliated companies, employees, associates, or representatives.

3. "Your property" refers to the property at issue in this matter.

4. The term "document" means the original or a copy of any written, printed, typed, photocopied, photographic, videographic, electronic, e-mail and graphic matter of any kind or

1

character and any recorded material, however produced or reproduced, plaintiff(s) possession, custody, or control or known by plaintiff(s) to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any accountant relating or referring in any way to the subject matter of these interrogatories.

5. "Identify" or "identification," when used with respect to any individual, means to state his or her full name, his or her present or last known employment, his or her present or last known address, and his or her most recent telephone number.

6. "The Event" includes, without limitation, the event described in the Petition for Damages and subsequent emergency response, cleanup, and claims handling.

7. "Identify" or "identification," when used with reference to a document, means to state the type of document, its present location and custodian, the date thereon, the identity of the party or parties whose name or names appear thereon, identify the author of the document, or in lieu thereof, you may produce a copy of each such document.

8. "Homeowners policy" refers to your GeoVera homeowner's insurance policy under which you are seeking coverage. "Homeowner's claim" refers to any claim for insurance benefits you have made under the aforementioned policy with respect to any loss you allege occurred as a result of the Event at issue in this matter.

9. "Person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

**INSTRUCTIONS FOR USE**

1. All information is to be divulged which is in your possession, custody or control, or that of your attorney, investigators, agents or representatives of yours and/or your attorney.

2. Where an individual request for production calls for an answer which involves more than one part, each part of the answer shall be set out so that it is understandable. If any of the interrogatories cannot be answered in full, please answer to the extent possible, indicating the part you are answering, and the reason why the request for production cannot be answered in full. You are requested to submit supplemental information at a later date.

3. If you lack information necessary to answer any of the interrogatories, please describe the specific effort made by you or anyone on your behalf to ascertain the information, and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

4. These requests for production are intended as continuing requests for production of documents, requiring you to supplement your answers, setting forth any information within the scope of the requests for production as may be acquired by you, your attorney, agents or representatives subsequent to the filing of your original answers. Such supplemental responses are to be filed and served upon Defendant within 20 days of receipt for such information.

5. When an request for production asks you to "identify" and/or "describe" the basis of a particular claim, contention, or allegation, include in your answer the complete factual basis for that claim, contention, or allegation, and identify each person with knowledge of some or all of the factual basis and identify each document, communication, and legal theory that you contend supports, refers to, or evidences such claim, contention, or allegation.

6. With respect to each request for production of documents, in addition to supplying

the information requested, you are to identify all documents that are related to the subject matter of each request for production and your answer thereto.

7. If objection is made to any request for production propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, or is covered by any other claim of privilege by protection, please provide the following information as to each objection:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation;

(b) If a document is involved, identify the document and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted, and the request to which such document responds;

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to the defendant to whom the substance of the communication has been disclosed.

8. With respect to any document requested herein that may have at one time existed but which has since been lost or destroyed, you are to state the date of and circumstances surrounding such loss or destruction, the persons responsible for or involved in such loss or destruction, and the dates of, parties to, and nature of the document. You are also to describe any system which the defendant has for the periodic destruction or retirement of documents.

**REQUEST FOR PRODUCTION NO. 1:**

If, in response to Interrogatory No. 1 you contend anyone resided at the property in the thirty (30) days leading up to Hurricane Ida, please provide any and all documentation to support and/or prove that.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide records depicting payments for any repairs due to damages from the Event at issue for the structure (dwelling/building and/or dwelling extension) and replacement of any personal property at issue, including but not limited to checks, credit card receipts and/or withdrawals to obtain cash for a purchase reflecting the costs for each item.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide account records and/or account number, account holder and name and address of institution/creditor for any debit card and/or credit card which were used for the payment for any repairs for the structure (dwelling/building and/or dwelling extension) and replacement of any personal property at issue (see Request for Production No. 2) that would reflect the costs for each item.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all reports issued by any and all experts that you have consulted and/or may call as a witness at the trial of the referenced matter and any and all documents, photographs and/or video of any kind supplied to your experts by you and/or on your behalf.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce each and every exhibit and item of demonstrative evidence, including but not limited to photographs, videos, and DVD', which you intend to either introduce or display at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all photographs and/or videos, either pre-Event or post Event, which would depict personal property before and after alleged damage and/or that would depict the structure (dwelling/building and/or dwelling extension) before and after the alleged damage.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any estimates, receipts, invoices or proposals provided by any "person", or contractor who inspected, repaired, upgraded, altered or performed remedial work for damages of any type to the "insured premises" from the date of purchase through today.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all estimates, receipts, invoices, work orders or proposals provided by any general contractor, roofing contractor, roofing sub-contractor, remediation contractor, enterprise contractor, and/or engineer that you (or anyone on your behalf) have communicated with to secure the cost to repair the alleged roof damages sustained as a result of Hurricane Laura, or the costs to replace the roof for damages it sustained as a result of Hurricane Laura up through the present date.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all documents that you contend support your allegations that GeoVera adjusted your claim in bad faith.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all interviews and/or statements, obtained by you, your attorney, your expert, or someone employed by you, including but not limited to a(n) tape, CD, digital, written, oral, text, email or video recording as well as any transcripts of said recordings in your possession taken from/of any witness or persons, including but not limited to defendants and/or representatives of the

6

insurance company, concerning the facts of this accident or the nature and extent of the damages regarding the event referenced in the Petition.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of any and all retainer agreements and/or contracts between you and/or any public adjuster, contractor, engineer and/or expert.

**REQUEST FOR PRODUCTION NO. 12:**

With respect to any application to the Small Business Administration and/or any disaster assistance program, please produce copies of the applications made thereto and supporting documentation, any communications, written or otherwise, with the Small Business Administration and/or any disaster assistance program, any appraisals of the insured property made by any representative of the Small Business Administration and/or any disaster assistance program, and any monies you received from the Small Business Administration and/or any disaster assistance program.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any appraisals, property inspections and/or home inspections of the insured property since the date of purchase.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce your personal federal and state tax returns and any supporting documentation for the years 2018-2023.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide documentation of any and all improvements, repairs, or alterations made to the insured property from date of purchase through today and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all documents, receipts, invoices, in support of or evidencing your claim for ALE, loss of use, or loss of rents. Please provide records depicting payments including but not limited to checks, credit card receipts and/or withdrawals to obtain cash for all additional living expenses.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any notes kept by any Plaintiff regarding home remodeling and/or the handling of the GeoVera claim that is at issue in this matter.

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not duplicative of any prior request, you are requested to produce photographs, video tapes, DVD's, satellite or other images of the "insured premises", interior and exterior, which were taken at any time **before** or **after** the Event at issue in this matter (which would depict personal property before and after alleged damage and/or that would depict the structure (dwelling/building and/or dwelling extension) before and after the alleged damage)**.**

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all documents, including, but not limited to, photographs, video, correspondence (written or electronic), estimates, receipts, invoices, and reports given by you to GeoVera or any representative of GeoVera in support of your claim.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any detailed inventory of personal property and/or contents that you claim were damaged due to the Event at issue. This information should include: (i) the date each item was purchased (or otherwise obtained); (ii) the location where and/or from whom it was purchased (or otherwise obtained); (iii) the price for which you purchased it (or its value at the time you

obtained it if you did not purchase it); (iv) receipts evidencing proof of purchase and ownership; (v) documentation through photographs to support damage to content(s) claimed); and (vi) if the alleged damaged personal property was replaced, the receipt or document reflecting the costs to replace it.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce any document you contend is proof of loss, including, but not limited to, any estimate, invoice, receipt, report, and personal property inventory form worksheet concerning your claim for damages sustained.

These Requests for Production of Documents are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed.

Respectfully submitted,

*/s/ Darrin M. O'Connor*
**DARRIN M. O'CONNOR (24582)**
**ASHLEY G. HADDAD (37695)**
Porteous, Hainkel & Johnson, L.L.P.
408 N. Columbia Street
Covington, LA  70433
Telephone:  (985) 893-4790
Fax:  (985) 246-7455
doconnor@phjlaw.com
ahaddad@phjlaw.com
*Counsel for Defendant GeoVera Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I do hereby certify that on December 29th, 2023, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

*/s/ Darrin M. O'Connor*
DARRIN M. O'CONNOR

9