UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KIMBERLEE COLLINS**                                                              **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 23-1457-SDD-RLB**

**GEOVERA SPECIALTY INSURANCE
COMPANY**

**ORDER**

Before the Court is Defendant's Motion to Compel Plaintiff's Rule 26 Initial Disclosures and Discovery Responses filed on March 28, 2024. (R. Doc. 11). Plaintiff has not filed an opposition as of the date of this Order. Accordingly, Defendant's Motion to Compel is unopposed. *See* LR 7(f).

**I.    Background**

In this action, Kimberlee Collins ("Plaintiff") seeks recovery under an insurance policy issued by Geovera Specialty Insurance Company ("Defendant") with respect to property damage caused by Hurricane Ida. (R. Doc. 1-1). The action was removed from State Court on October 6, 2023. (R. Doc. 1).

The Court set the deadline to exchange Rule 26(a)(1) initial disclosures on December 28, 2023. (R. Doc. 9).

On December 29, 2023, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 11-4).

On January 2, 2024, Defendant agreed to extend Plaintiff's initial disclosure deadline to January 13, 2024. (R. Doc. 11-5 at 2-3). After holding a discovery conference, Defendant agreed to a further extension to February 6, 2024. (R. Doc. 11-5 at 1).

On March 15, 2023, the parties held another discovery conference, in which Plaintiff agreed to provide the initial disclosures, as well as the outstanding responses to the Interrogatories and Requests for Production of Documents, by March 22, 2024. (R. Doc. 11-3).

Defendant represents that Plaintiff has not provided any initial disclosures or written discovery responses as of the date of the instant Motion to Compel filed on March 28, 2024. (R. Doc. 11-1 at 3).

## II.   Law and Analysis

A party must provide initial disclosures to the other parties without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A). "A party must make initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). A party may move to compel disclosure and for appropriate sanctions under Rule 37(a)(3)(A).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37(a)(3)(B).

An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Here, Plaintiff failed to provide Rule 26(a)(1) initial disclosures by the deadline set by the Court or as otherwise agreed upon by the parties. Moreover, Plaintiff failed to provide responses to Defendant's Interrogatories and Requests for Production of Documents by the deadline agreed

upon by the parties. Plaintiff has made no attempt to explain these failures. Accordingly, the Court will grant the Motion to Compel in its entirety.

As Plaintiff made no objections to initial disclosures, the Court will require Plaintiff to provide initial disclosures, as detailed in Rule 26(a)(1)(A)(i)-(iv) without any objections.

Furthermore, as Plaintiff did not make any timely objections to Defendant's written discovery requests, the Court finds that Plaintiff has waived her objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Plaintiff may object to the discovery requests, however, to the extent they seek information that need not be provided until a later date under the Scheduling Order (R. Doc. 9), including the identity of expert witnesses and expert reports.

The Court will also award Defendant reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not provided any arguments in support of a finding that Defendant did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Rule 26 Initial Disclosures and Discovery Responses (R. Doc. 11) is **GRANTED**. Plaintiff shall provide her Rule 26(a)(1) initial disclosures, as well as complete responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing their Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or counsel shall pay that amount;

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on April 24, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**